John B. Lozier deeded a certain piece of real estate to Hackensack Trust Company as trustee under agreement dated September 24th, 1926, for the purpose of providing a life income for his then wife, Mary Ella Lozier. On March 17th, 1927, a final decree of divorce was entered between them and thereafter John B. Lozier remarried, his second wife being Virginia Noble Lozier, now Virginia Noble Lozier Lyford, the complainant herein. He died on August 11th, 1928, leaving a last will and testament which was duly probated. His heirs-at-law and next of kin were his widow, the defendants, Grace Lozier Betts, a daughter, and Dorothy Jeanne Wilkins, a minor, who is the daughter of a deceased daughter.
The controversy here is as to the construction and effect of the residuary clause of the will and of the trust agreement.
 The residuary clause of the will reads as follows: *Page 34 
"Fourth. All the rest, residue and remainder of my estate, both real and personal, of whatever nature, kind and description, and wheresoever the same may be situated, of which I may die seized or possessed, or to which I may be entitled at the time of my decease, I give, devise and bequeath unto my wife, Virginia Noble Lozier, and my daughter, Grace Lozier Betts, share and share alike, absolutely and forever."
The trust agreement is made between John B. Lozier, called the grantor; Mary Ella Lozier, his first wife, called the beneficiary, and Hackensack Trust Company, the trustee.
The relevant parts of this document read as follows:
"Whereas the grantor has by deed bearing even date herewith conveyed to the trustee a tract of land * * * and has also assigned and set over to the trustee a certain lease thereon to be held or disposed of by the said trustee as hereinafter more particularly provided, as security for the payment by the grantor to the beneficiary of an income at the rate of $200 per calendar month * * * for and during her natural life * * * this agreement witnesseth that the trustee * * * does covenant and agree to and with the said grantor, his heirs and devisees and the said beneficiary that it holds the said lands or the proceeds thereof in trust upon the following uses and purposes, to wit:
"That until said lands or a portion thereof shall be sold as hereinafter provided, or this trust terminated, it will receive and hold the rents, issues and profits thereof * * * and in case the beneficiary at any time shall not have received the aforesaid income at the rate of $200 per calendar month from the said grantor (or if he shall be dead from his heirs or devisees) the trustee shall out of any such moneys in its hands and possession pay such sum or sums as may be in default."
It further provides on proof that if there is no default in the payment of the $200 a month, after setting aside a reserve fund, the trustee shall pay the excess to the grantor or in case of his death to his heirs or devisees. It further provides that the grantor or his heirs or devisees may call upon the trustee to sell the premises at a certain minimum price, retain and reinvest $60,000 thereof for the same purposes and on the same conditions as the lands were originally held, and pay any surplus over the $60,000 to the grantor or his heirs or devisees.
Under this last provision the lands were sold and $60,000 were retained and now held by the trustee and a balance *Page 35 
was paid to John B. Lozier. In this proceeding it is contended on behalf of defendants Grace Lozier Betts, the daughter, and Dorothy Jeanne Wilkins, the granddaughter, that at the time of his death John B. Lozier was not possessed of any estate in the property covered by the trust agreement; that if he had any estate in that property it was not such as could be conveyed by the will and that the language of the residuary clause did not convey any such interest he might have had. On the other hand the complainant contends that by the provisions of the trust agreement and by the residuary clause of the will there passed on the death of John B. Lozier to the two persons named in the residuary clause each a half interest in the $60,000 now in the hands of the trustee, subject only to the payment to Mary Ella Lozier of the sum of $200 a month during her life, together with the expenses of administration of the trustee.
The intention of John B. Lozier seems clear from the documents he executed. The plainly expressed purpose and intent of the trust agreement was to secure to his then wife an income of $200 a month during her life. To assure this he deeded to the trust company certain real estate with the express provision that any surplus above the $200 a month should be paid to him; that in case of the sale of the property sufficient of the proceeds should be held by the trustee to amply provide for this amount; that the trust should terminate upon his wife's death, whereupon the corpus should be returned to him or in case of his death to his heirs or devisees. He conveyed the legal title to the trustee for these purposes but in effect the conveyance amounted to the giving to his then wife of a life interest in the corpus up to the amount of $200 a month, any surplus and the remainder after his wife's death to belong to him or his heirs and devisees. In effect the transaction was a mortgage upon the property to the extent of $200 a month for his wife's life. It seems too clear for argument that he was possessed of an estate in the property at the time of his death.
It is contended on behalf of the defendants that if he had *Page 36 
any estate in the corpus of the trust fund that it is not such an estate as may be conveyed by will. By the Conveyance act, laws of 1898, page 676, devises or conveyances of estates in expectancy are authorized. This statute has an exception as follows:
"That no person shall have been or be empowered by this act to dispose of any expectancy which he may have had or have as the heir of a living person, or any contingent estate or expectancy where the contingency is as to the person in whom, or in whose heirs, the same may vest, nor any estate, right or interest to which he may or may have become entitled under any deed to be thereafter executed, or under the will of any living person."
Defendants assert the present case comes within this exception, but in my opinion it clearly does not. No expectancy as the heir of a living person is involved. Nor is there any contingent estate where the contingency is as to the person in whom the same may vest. Upon the death of the beneficiary the corpus is to go to the grantor or his heirs, which so far as applicable to the language of the statute, makes it a vested remainder. Nor is it any estate to which he may or may have become entitled under any deed to be thereafter executed, and, of course, it is not a right under the will of any living person. It is argued that John B. Lozier was to become entitled to the corpus of the estate after the death of his first wife only under a deed to be thereafter executed because the trust agreement provided that on the termination of the trust the trustee was to reconvey the property. The purpose of the trust having been accomplished it would be the duty of the trustee to reconvey the corpus to the husband whether the trust agreement so provided or not. The husband's rights would not depend upon the execution of the deed, the sole purpose of which would be to clear the record title, so that in no true sense could his interest in the corpus be considered as being created under any such deed.
Apart from the machinery of a conveyance to a trustee, payment of part of the income to the wife and the other provisions of the trust agreement, the essence of the transaction was that John B. Lozier placed a charge upon property *Page 37 
which belonged to him which amounted to a mortgage during his wife's life for payment at the rate of $200 a month. Subject to this payment the property belonged to him and I can find no warrant for holding that he had no right to dispose of it.
As to the effect of the residuary clause it plainly and clearly gave, devised and bequeathed the residue, real and personal, to the two named beneficiaries. The language of this clause is all inclusive and certainly passes the corpus of the $60,000 subject to the payment of the life income to the first wife.